

# THE ATTORNEY GENERAL
# OF TEXAS

GROVER SELLERS

ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Murphy Cole
County Auditor, Liberty County
Liberty, Texas

Dear Sir:

Opinion No. O-5819
Re: Amendment of County budget.

Your letter of January 19, 1944, requesting the opinion of this department on the questions stated therein reads as follows:

"In Liberty County, whose officers are paid on a salary basis, the following conditions prevail:

"1. The budgeted appropriation for the Tax Collector's office has been found to be insufficient to meet the expense which will necessarily be incurred in 1944. At the same time, however, the appropriation or budget of the office of County Clerk for 1944 is in excess of the amount that will be needed -- and to approximately the same extent that there is a shortage in the Tax Collector's office.

"May Commissioners' Court amend the budget for Officers Salary Fund, by deducting $1,000 from the budget of County Clerk's Office, and add a like amount to the budget for Tax Collector's office?

"2. The Road & Bridge Fund of Precinct No. 4 spent in 1943 approximately $4,000 less than the amount of the budget for that year. In preparation of the 1944 budget it was not anticipated that this precinct fund would have any balance of cash on hand January 1, 1944; but because of inability to obtain delivery of certain road material in December 1943 the total of the budget was unspent in the above amount, and likewise this caused a cash balance of $4,000.00 on January 1, 1944.

"May the Road & Bridge Fund budget for 1944 now be amended, by increasing the same by a sum of $4,000.00; or will it be necessary to wait until August, 1944 and add the $4,000 January 1, 1944 balance to the probable receipts of 1945, when preparing the county budget for 1945; thus in effect making a larger budget by $4,000 in 1945 rather than 1944?

"3. In connection with the above, I am cognizant of the fact that the Road and Bridge Fund of the Precincts are in reality a part of the county road bridge fund, and with the provision of the law which states that balances at

the end of the year shall be placed back in the county road
and bridge fund, for re-distribution on January 1st. There-
fore, the $4,000 above mentioned would have the same effect
whether we consider a county-wide road & bridge fund or a
precinct road & bridge fund, for the fact is that there is
a total of $4,000 more in road & Bridge fund on January 1st
than had been anticipated.

"3. The county hospital because of a greatly-in-
creased number of patients admitted, collected in 1943,
double the amount of money that it was anticipated in the
1943 budget that it would collect. At the same time its
expenses increased slightly (about 20%). There is every
reason to believe that in 1944 the revenues of the hospital
will again be far in excess of the amount anticipated to be
collected, when said 1944 budget was prepared by the Board
of Managers in July, 1943.

"May the 1944 budget for the hospital, which is but
a subdivision of the budget of the County General Fund, be
increased by an amount equalling the amount of income over
and above the amount estimated in the budget?

"The collections of the hospital are placed in the
County General Fund; and in turn, the bills and accounts,
and salaries of the hospital are paid out on claims against
the county the same as any other county claim.

"There is no place in General Fund for a reduction
in any appropriation in 1944 which would be as great as the
revised anticipated amount of expenditure that will be
necessary in 1944; therefore, a budget amendment in the
expenditure section of General Fund for the hospital would
increase the grand total of General Fund; however, as stated
above, the revenues will be increased more than the pro-
posed increased expenditure, and therefore expenditures
under the 1944 budget for General Fund, if revised, would
actually be less than the revenues.

"May Commissioners' Court increase the total expend-
iture of the budget of General Fund, and at the same time
provide for such increase by showing cause for, and increas-
ing the 'receipts' section of the fund at the same time?"

Article 689a-9, Vernon's Annotated Civil Statutes, provides
for the preparation of the county budget.

Article 689a-11, Vernon's Annotated Civil Statutes, provides,
in part:

"* * * * When the budget has been finally approved
by the commissioners' court, the budget, as approved by
the court, shall be filed with the clerk of the County
Court, and taxes levied only in accordance therewith, and
no expenditure of the funds of the county shall there-

after be made except in strict compliance with the budget as adopted by the court. Except that emergency expenditures, in case of grave public necessity, to meet unusual and unforeseen conditions which could not, by reasonable diligence, thought and attention have been included in the original budget, may from time to time be authorized by the court as amendments to the original budget. * * *"

Article 689a-9, Vernon's Annotated Civil Statutes, provides in part:

"* * * The budget shall also contain a complete financial statement of the county, showing all outstanding obligations of the county, the cash on hand to the credit of each and every fund of the county government, the funds received from all sources during the previous year, the funds available from all sources during the ensuing year, the estimated revenues available to cover the proposed budget and estimated rate of tax which will be required."

This department has repeatedly held that the commissioners' court of a county is without authority to make any expenditure of county funds except in strict compliance with the budget, except the emergency expenditures in case of grave public necessity, as outlined by Section 11 of Article 689a, supra. This department has also repeatedly held that Section 20 of Article 689a, Vernon's Annotated Civil Statutes, does not authorize the commissioners' court to increase the budget after its adoption and to hold otherwise would destroy the very purpose of the Act.

This department has consistently held that the question of "Grave public necessity" is a fact question to be determined primarily by the commissioners' court. In opinion No. 0-2315 it was held by this department that the discretion of the commissioners' court is not absolute authority to expend county funds in the case of an emergency and is final, only when the question is debatable or where the existence of an emergency is unquestionable. However, the commissioners' court has no authority to determine and declare that an emergency exists, and expend county funds therefor, where the facts clearly show the contrary. Stated another way, the commissioners' court has no legal authority to declare an emergency and evade the law, where in fact, no emergency exists.

The only way the county budget may be amended after its adopti is in strict compliance with the above statutory provisions. Where the existence of "grave public necessity" is debatable, the acts of the commissioners' court are controlling. Therefore, as above stated, it is our opinion that whether or not the commissioners' court of Liberty County has the authority to amend the county budget under the facts submitted is a fact question to be determined primarily by the commissioners' court.

Yours very truly

ATTORNEY GENERAL OF TEXAS


By s/Ardell Williams
      Ardell Williams
      Assistant

AW:EP:wc


APPROVED JAN 26, 1944
s/ Grover Sellers
ATTORNEY GENERAL OF TEXAS


Approved Opinion Committee By s/DM Chairman